OPINION
Appellant, Dimitri's, Inc., appeals the judgment of the Franklin County Court of Common Pleas finding that the order of the Ohio Liquor Control Commission, appellee, is supported by reliable, probative and substantial evidence and is in accordance with law.
Appellant asserts the following assignments of error:
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW WHERE APPELLANT'S LICENSE WAS SUSPENDED FOR SELLING AN OTHERWISE LEGAL PRODUCT AS THERE WAS NO EVIDENCE THAT APPELLANT "KNOWINGLY" AND/OR "WILLINGLY" SOLD DRUG PARAPHERNALIA AS DEFINED BY LAW.
 II. APPELLANT WAS DENIED DUE PROCESS OF LAW AS THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT IN ACCORDANCE WITH LAW NOR THE CONSTITUTION.
 III. APPELLANT WAS DENIED DUE PROCESS OF WHEN THIS ACTION IMPOSED BY THE LIQUOR CONTROL COMMISSION WAS EXCESSIVE AND HARSH AND NOT IN ACCORDANCE WITH LAW.
Appellant's assignments of error are combined for discussion as they are interrelated.
Appellant is the owner of a small grocery and novelty store in Mansfield, which holds permits for the sale of beer and wine. On January 7, 2000, the Liquor Control Agent entered the store as a result of a complaint from the Mansfield Police Department that the establishment was selling drug paraphernalia, such as crack pipes, to individuals to abuse drugs. The investigator approached the clerk, named David Hershberger, and asked him for a crack pipe. According to the agent, Hershberger pointed to a glass pipe with a rose in it and the agent said, "Yes, a crack pipe." He purchased the item for $2.50. The agent was monitored on an audiotape by the Mansfield Police Department. After making the purchase, the agent, together with a Mansfield Police Officer, returned to the premises and cited Dimitri's for the sale of drug paraphernalia. The establishment is located in a high crime area. Dimitri's was charged by appellee with allowing an employee to sell drug paraphernalia in violation of Section 4301:1-1-52 (hereinafter "Regulation 52"), a regulation of the Ohio Liquor Control Commission. As pertinent, Regulation 52 prohibits a licensee from allowing a sale of any drug paraphernalia or drug abuse instrument, as defined in R.C. Chapter 2925, upon the license permit premises. Based upon the agent's testimony, the commission ordered the suspension of appellant's liquor permit for a period of thirty days, having found that the permit holder's employee sold drug paraphernalia in violation of Regulation 52. Appellant appealed to the Franklin County Court of Common Pleas, which found the commission's order to be based on substantial, reliable and probative evidence and affirmed the commission's suspension order.
R.C. 2925.14(A) provides as pertinent as follows:
 (A) As used in this section, "drug paraphernalia" means any equipment, product, or material of any kind that is * * * intended by the offender for use, or designed for use, in * * * ingesting, inhaling, or otherwise introducing into the human body, a controlled substance * * *.
In R.C. 2925.14(A)(13), paraphernalia is further described as:
 An object, instrument, or device for ingesting, inhaling, or otherwise introducing into the human body, marijuana, cocaine, hashish, * * * such as a metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe, with or without a screen * * *.
R.C. 2925.14(B)(1) provides that:
 (B) In determining if any equipment, product, or material is drug paraphernalia, a court or law enforcement officer shall consider, in addition to other relevant factors, the following:
 (1) Any statement by the owner, or by anyone in control, of the equipment, product, or material, concerning its use[.]
The actual seller of the device alleged to be intended for use as a crack pipe, David Hershberger, did not testify. His mother and an owner, Glenna Fay Hershberger, testified that she was in the store at the time the transaction took place. She said that the agent asked her son if he could have a "crack glass," and that her son said: "What." She said the agent pointed at the object and asked how much that was. She said the agent was dressed in a manner that her son thought he was going to rob the store and that also her son had a bad left ear and does not hear anymore. She said neither herself nor her son were aware of how crack was used. The object sold, according to Mrs. Hershberger, was a "mini rose junior bud" and was not intended for any use of drugs. She further stated that she had no idea how her customers use the products after they leave the store.
In this case, we have an object that apparently can be used as a pipe, in conjunction with other materials, for ingesting crack. It is also an object that can be used for innocent purposes. If the object was sold knowing that the purchaser intended to use it for ingesting crack, that would constitute the sale of drug paraphernalia under Regulation 52, even if the object had to be used with other objects, such as a screen, and even if the object was manufactured for an innocent use. It was necessary, however, that appellee prove that the object was sold with the knowledge that it was purchased for use as a crack pipe.
Appellant first contends that there is no evidence that David Hershberger sold the object for use as a crack pipe. However, according to the Liquor Control Agent, he specifically asked David Hershberger for a crack pipe. Hershberger pointed to the glass pipe with a rose on it, the object that was sold, and asked, "these." The agent then responded: "Yea, a crack pipe." This evidence, if found credible, is sufficient to demonstrate that the sale was knowingly made to a person who purchased it for use of crack. Appellee was entitled to believe that there was an intended sale of drug paraphernalia and were not required to accept the mother's testimony that either her son could not hear or understand the agent, or that the sale was made in fear of being robbed rather than with any knowledge that it was intended to be used for drug ingestion.
The trial court did not abuse its discretion in finding sufficient evidence that the object sold to the Liquor Control Agent was sold with the knowledge that it was a pipe that was intended to be used, together with other materials, for ingestion of crack.
Appellant was not denied due process of law, as there was proof that the object sold to the Liquor Control Agent was knowingly or willfully sold as drug paraphernalia.
Appellant also asserts a denial of due process of law on the part of the Liquor Control Commission in imposing a suspension that was excess and harsh and not in accordance with law. They contend that the loss of their liquor permit, even for a period of thirty days, might well result in the failure of their small business. There is no substance to this argument. Even though the establishment may have no former charges on its record, the penalty was well within the range accorded the Liquor Control Commission. The penalty imposed was relatively minor in that the store could operate all parts of its business, other than the sale of beer and wine, during this thirty-day period.
Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.